### COMMONWEALTH *vs.* JAMES SIMPSON.

An indictment which alleges that the defendant did " embezzle, steal, take and carry away," certain goods, is not bad for duplicity, as charging the two offences of embezzlement and larceny:   The word " embezzle " will be rejected as surplusage, and the indictment be regarded as charging a larceny only.

Evidence of embezzlement will not support an indictment for mere larceny, although the Rev. Sts. *c.* 126, declare that a party who embezzles money or goods shall be deemed, by so doing, to have committed the crime of larceny.

In order to warrant the admission of evidence that an indicted party has embezzled money or goods, the indictment must allege matter sufficient to apprise him that he is charged with embezzlement.

THE indictment in this case alleged that the defendant and Thomas Chubb, John Chubb and Moses Mason, " on the 30th of July 1842, at Boston, with force and arms, ten boxes of boots, of the value of $200, of the goods, chattels and property of one Elmer Townsend, in a certain vessel called the schooner Saul, then lying and being in the harbor of Boston, within the body of the county of Suffolk, said boxes being in his, said Townsend's, possession then and there in the vessel aforesaid, and ten boxes of candles, of the value of $50, of the goods and chattels of one John Mixer and one Winslow Whittemore, in their possession then and there being also in the vessel aforesaid, at said Boston, within the body of said county of Suffolk, and twenty five bags of coffee, of the value of $700, of the goods and chattels of certain persons doing business under the name and firm of Hand & Williams, as copartners in trade, whose names are not known to said jury, in their possession also in the same schooner Saul, in said Boston, within said county of Suffolk, then and there being, did then and there embezzle, and in said vessel, in the day time, feloniously steal, take and carry away," &c.

At the trial in the municipal court, the jury found the defendant guilty of stealing the coffee alleged to be the property of Hand & Williams, and not guilty as to the rest of the indictment. Upon the return of the verdict, the defendant filed the following exceptions, which were allowed by the court : " 1st. The defendant, at the trial, moved that the indictment be quashed on account of defect both in form and substance ; in that it was double in charging both larceny and embezzlement, while the possession of the goods, alleged to have been feloniously taken, was laid in parties other than the defendant. The court ruled that there was no duplicity in the indictment, and that it was a good indictment for simple larceny. To this decision the defendant excepted. 2d. The indictment being thus held to be an indictment for larceny

simply, evidence was introduced tending to show that the defendant was in possession of the goods, which were alleged to have been taken feloniously, as a carrier for hire, and therefore, as he contended, if any felonious conversion of said goods took place, it was in the nature of an embezzlement or breach of trust. The defendant set up that this was a variance between the indictment and the proof; that larceny was charged, and that the proof tended to establish embezzlement, which was a distinct crime, although made, by the Rev. Sts. c. 126, § 30, subject to the pains and penalties of larceny. The court ruled that the statutes had so made embezzlement larceny, that it was competent and sufficient to prove embezzlement under an indictment for larceny, which did not set forth the fiduciary relation of the defendant to the property; and that, therefore, there was no variance between the indictment and proof in this case."

*W. Hilliard & N. Hale, Jr.* for the defendant. The indictment was bad for duplicity, as it charged embezzlement and larceny in one count. If the two offences can be joined in the same indictment, there must be several counts. 1 Chit. Crim. Law, (4th Amer. ed.) 248, 253, 254. 2 Stark. Crim. Pl. (2d ed.) 453.

If the indictment is held to be for larceny only, proof of embezzlement does not support it. The two offences are distinct, although the punishment of both is the same. Besides; embezzlement by carriers, &c. is to be deemed simple larceny. Rev. Sts. c. 126, § 30. But this indictment sets out an aggravated larceny, and the verdict finds that an aggravated larceny was committed by the defendant. Clearly, the proof of embezzlement by a carrier does not sustain such an indictment, even if it would sustain an indictment for simple larceny.

The defendant was entitled, by the declaration of rights, to have his offence fully and plainly, substantially and formally, described to him, before he could be legally held to answer for it. Such a description of the offence of which he has been found guilty was not presented to him.

*S. D. Parker,* for the Commonwealth. The indictment is

for larceny merely ; differing from the usual form only by the addition of the word " embezzle " to the words " take, steal and carry away." It cannot be considered as an indictment for embezzlement, because none of the fiduciary relations are therein stated, which are mentioned in the Rev. Sts. *c.* 126, §§ 27–30. But embezzlement is larceny, and proof of it supports a charge of larceny. See *The People* v. *Hennessey*, and *The People* v. *Dalton*, 15 Wend. 147, 581. *The People* v. *Sherman*, 10 Wend. 298. *Regina* v. *Hunt*, and *Regina* v. *White*, 8 Car. & P. 642, 742.

DEWEY, J. This indictment is not bad for duplicity, as charging the two offences of larceny and embezzlement in the same count. The term " embezzle " is introduced into the count, but not in any such manner as to give to the count the character of a charge of embezzlement. It is without any of those technical allegations essential to a charge of embezzlement ; and the indictment being perfect without it, as a charge of larceny, the word " embezzle " may well be stricken out as surplusage.

The further inquiry then is, whether upon this indictment, thus expurgated of every thing indicative of a charge of embezzlement at common law, the defendant may be convicted upon proof that he embezzled the articles charged to have been feloniously stolen. If he can be thus found guilty, and properly be punished under this indictment, it must be under the authority of the Rev. Sts. *c.* 126, § 30, enacting that persons guilty of the embezzlement therein described "shall be deemed, by so doing, to have committed the crime of simple larceny."

It is quite obvious that, whatever the effect of this statute may be in cases of indictments for simple larceny, it cannot avail the government in the present instance, as the statute only declares that certain acts of embezzlement shall be deemed to be simple larceny. But this indictment charges an aggravated larceny — a larceny in a vessel ; and the conviction will be, if judgment be rendered upon the verdict, a conviction of such aggravated larceny. For this reason, therefore, independently

of the more general objection, evidence of mere embezzlement, by the defendant, was not sufficient to authorize the jury to find the defendant guilty of the offence charged in this indictment.

We have, however, at the request of counsel, and with reference to further proceedings in this case, considered the general question, whether an indictment for simple larceny is an appropriate and legal form for charging a case of embezzlement under the Rev. Sts. *c.* 126, § 30. The statute in terms says, that the person doing certain acts "shall be deemed, by so doing, to have committed the crime of simple larceny." Treating this statute as one defining the offence of larceny, and, under the legislative authority, embracing within it a larger range of offences, to be hereafter known and recognized as larcenies, it would well authorize all offences described in it to be charged as larcenies, relying upon the statute as an authority for the position, that the cases may be punished as larcenies. But we do not feel authorized to give so broad a construction to this statute, and one which would entirely merge the crime of embezzlement in that of larceny. The general object of the various statutes in relation to embezzlement, in England and in this Commonwealth, doubtless was, to embrace, as criminal offences punishable by law, certain cases where, although the moral guilt was quite as great as in larceny, yet the technical objection, arising from the fact of a possession lawfully acquired by the party, screened him from punishment. They were therefore declared crimes punishable by law.

The purposes of this statute may, as it seems to us, be sufficiently attained, without any infringement of those rules of criminal pleading which require the charge to be particularly and certainly set forth. The defendant should, as far as is reasonably practicable, be apprised, by the indictment, of the precise nature of the charge made against him. This, in embezzlement, so far as respects the nature of the offence or character of the crime charged, may be easily indicated by setting forth the fiduciary relation, or the capacity in which the

defendant acted, and by means of which the property came into his possession, and by charging the fraudulent conversion. Such seems to have been the practice under the English *Sts.* 21 Hen. 8, *c. 7*, 39 Geo. 3, *c.* 85, and 52 Geo. 3, *c.* 63. See the forms of indictment, in 3 Chit. Crim. Law, (4th Amer. ed.) 961, & *seq.* Archb. Crim. Pl. (1st ed.) 156.

The court are of opinion that the two offences of larceny and embezzlement are so far distinct in their character, that under an indictment charging merely a larceny, evidence of embezzlement is not sufficient to authorize a conviction; and that, in cases of embezzlement, the proper mode is, notwithstanding the statute to which we have referred, to allege sufficient matter in the indictment to apprise the defendant that the charge is for embezzlement. Although the party, in the language of the statute, " shall be deemed to have committed the crime of simple larceny," yet it is a larceny of a peculiar character, and must be set forth in its distinctive character.

*New  trial  ordered.*